UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05-10022 GAO

BOSTON WAREHOUSE TRADING )
CORP., )
        Plaintiff, )  C. A. NO.
v. )
 )
ALLIANCE SHIPPERS, INC., )
        Defendant. ) MAGISTRATE JUDGE

RECEIPT # 61252
AMOUNT $150
SUMMONS ISSUED YES
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____

COMPLAINT

1. This diversity case is brought to recover damages, plus interest, which the plaintiff has suffered due to the defendants' breach of its contractual obligations and obligations of due care owed to the plaintiff.

JURISDICTION AND VENUE

2. This Court has jurisdiction to adjudicate this matter pursuant to 28 U.S.C. §1332(a) because the parties are of diverse citizenship and the value of the matter in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (c) because the defendants are subject to personal jurisdiction in this district.

THE PARTIES

4. Plaintiff Boston Warehouse Corp. ("Boston Warehouse") is a Massachusetts corporation which has its principal place of business in Norwood, Massachusetts. Boston Warehouse is in the business of importing consumer goods and selling them to retailers.

5. Defendant Alliance Shippers, Inc. ("Alliance") is a New Jersey corporation which has its principal places of business in New Jersey and Illinois. Alliance has a division called Alliance

International and, doing business as such and doing business under other names, provides its customers with shipping, customs clearance, storage, and transportation logistics services. Alliance holds itself out as providing "The Perfect Shipment" to its customers and represents that "The Perfect Shipment is your shipment -- picked up on time, delivered on time, delivered without exception and billed accurately with 100% customer satisfaction."

## FACTUAL ALLEGATIONS

6. In 2004, Boston Warehouse caused certain seasonal, Christmas-oriented goods (the "Goods") to be manufactured in China, with the intention of importing the Goods to the United States and selling them. Boston Warehouse paid $182,126.52 for the Goods.

7. Also in 2004, Boston Warehouse entered into a contract to sell the Goods to Kohl's Department Stores ("Kohl's"), at a price of $413,020.80, and to make the Goods available for delivery to Kohl's in time for the 2004 Christmas selling season.

8. Also in 2004, Boston Warehouse and Alliance, acting through Alliance's resident agent in Massachusetts, agreed that, in return for consideration to be paid by Boston Warehouse, Alliance would (a) ship the Goods from China to California; (b) provide Boston Warehouse with customs clearance services in connection with the importation of the Goods; and (c) notify the overland freight carrier for Kohl's of the location and availability of the Goods when they were ready to be picked up and delivered to Kohl's.

9. Boston Warehouse provided to Alliance, in a timely fashion, all of the information that Alliance required in order to perform its obligations to Boston Warehouse and repeatedly made clear to Alliance the importance of the prompt transportation of the Goods. At all material times, Alliance knew that Boston Warehouse had an agreement with Kohl's to sell the Goods to Kohl's.

10. On or about November 30 or December 1, 2004, after the Goods arrived in California, Alliance informed Boston Warehouse that the Goods had cleared customs and that Alliance was sending a delivery order informing the freight carrier for Kohl's of the location of the Goods and their availability to be picked up and delivered to Kohl's.

11. Boston Warehouse reasonably relied on that representation, as Alliance knew it would, and reasonably understood as a result of it that the Goods had been picked up and delivered to Kohl's in a timely fashion.

12. Alliance did not notify the freight carrier for Kohl's of the location and availability of the Goods and did not inform Boston Warehouse of its failure to do so. Boston Warehouse first learned of that failure when Kohl's informed Boston Warehouse that the Goods had not arrived and canceled the transaction as a result. Upon information and belief, Boston Warehouse's reputation with Kohl's has been damaged as a result of this incident and Boston Warehouse may lose future business opportunities as a result of it.

13. Alliance has admitted that it failed to notify the freight carrier for Kohl's of the location and availability of the Goods, having informed Boston Warehouse that it was doing so.

14. Alliance's failure to notify the freight carrier for Kohl's of the location and availability of the Goods was grossly negligent.

15. In addition to the cost of the Goods, Boston Warehouse has incurred and continues to incur storage and container use costs and charges, which it would not have incurred if Alliance had notified the freight carrier for Kohl's of the location and availability of the Goods in a timely fashion, and has also incurred other costs and expenses.

16. Boston Warehouse has also suffered lost profits of over $230,000, to date, as a direct and proximate result of Alliance's failure to satisfy its obligations to Boston Warehouse as described above.

## COUNT I
## (Breach of Contract)

17. Boston Warehouse restates the allegations contained in the foregoing paragraphs and incorporates them herein by reference.

18. As described above, Boston Warehouse and Alliance had a contract for which Boston Warehouse gave adequate consideration.

19. As described above, Alliance materially breached that contract.

20. Boston Warehouse has suffered and will suffer the damages described above as a direct and proximate result of Alliance's breach.

21. At the time of Alliance's breach, Boston Warehouse had complied with all of its contractual obligations to Alliance.

## COUNT II
## (Estoppel)

22. Boston Warehouse restates the allegations contained in the foregoing paragraphs and incorporates them herein.

23. As Alliance knew or should have known, Boston Warehouse reasonably relied, to its detriment, on Alliance's promises and representations as described above.

24. Injustice can only be avoided only by holding Alliance responsible for the detrimental consequences suffered by Boston Warehouse.

## COUNT III
### (Negligent Misrepresentation)

25. Boston Warehouse restates the allegations contained in the foregoing paragraphs and incorporates them herein by reference.

26. In the course of its business, Alliance supplied false information to Boston Warehouse for its guidance in the business transaction described above, upon which Boston Warehouse reasonably relied.

27. Alliance failed to exercise reasonable care or competence in communicating that false information to Boston Warehouse.

28. As a direct and reasonably foreseeable result, Boston Warehouse has suffered and will suffer the pecuniary losses described above.

## COUNT IV
### (Negligent Interference with Contract)

29. Boston Warehouse restates the allegations contained in the foregoing paragraphs and incorporates them herein by reference.

30. As a proximate result of Alliance's negligence as described above, Boston Warehouse has lost the order from Kohl's described above, of which Alliance was aware, and has suffered pecuniary losses, costs, and lost profits.

31. Those damages were not part of Boston Warehouse's ordinary business risks.

32. Boston Warehouse's losses were reasonably foreseeable by Alliance, and Alliance is liable to Boston Warehouse for its damages.

WHEREFORE, Boston Warehouse demands judgment against Alliance for the full amount of its damages, including (a) the cost of the Goods, less whatever price Boston

Warehouse may be able to obtain for them in mitigation of its damages; (b) Boston Warehouse's lost profits; (c) the storage and container use charges that Boston Warehouse has incurred and will incur as a result of the foregoing events; and (d) any loss of business reputation and future business resulting from Alliance's conduct as described above. Boston Warehouse also demands interest, costs, attorney's fees, and such further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS OF ITS COMPLAINT

BOSTON WAREHOUSE TRADING CORP.,
By its attorneys,

_____
Donnelly, Conroy & Gelhaar, LLP
James B. Conroy (BBO No. 96315)
Karen A. Pickett (BBO No. 633801)
One Beacon Street
Boston, MA 02108
(617) 720-2880

Dated: January 5, 2005

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Boston Warehouse Trading Corp.

## DEFENDANTS
Alliance Shippers, Inc.

(b) County of Residence of First Listed Plaintiff: **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **New Jersey**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) James B. Conroy
Donnelly, Conroy & Gelhaar, LLP
One Beacon St., 33rd Floor
Boston, MA 02108    (617) 720-2880

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS —Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 U.S.C. § 1332 (a)**
Brief description of cause:
**Breach of contract and negligent, tortious conduct**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: Jany 5, 2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Boston Warehouse Trading Corp. v. Alliance Shippers, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

    ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

    ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

    ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☒    NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?

       Eastern Division ☒    Central Division ☐    Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __James B. Conroy, Esq.__

ADDRESS __Donnelly, Conroy & Gelhaar, LLP, One Beacon St., 33rd Floor, Boston, MA 02108__

TELEPHONE NO. __(617) 720-2880__

(Coversheetlocal.wpd - 10/17/02)