UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON WAREHOUSE TRADING CORP., | ) |
| Plaintiff, | ) |
| v. | ) C. A. No. 2005-CV-05-10022-GAO |
| | ) |
| ALLIANCE SHIPPERS, INC., | ) |
| Defendant. | ) |

### ANSWER TO AMENDED COMPLAINT AND JURY DEMAND

Now comes Defendant Alliance Shippers, Inc. answering the Amended Complaint as follows:

1. Defendant admits this matter is a diversity case and denies the balance of the allegations of paragraph 1.

### JURISDICTION AND VENUE

2. Admit.

3. Admit.

### THE PARTIES

4. Admit.

5. Admit.

### FACTUAL ALLEGATIONS

6. Defendant is without sufficient information to admit or deny the allegation. Accordingly, the allegation is denied.

7. Defendant is without sufficient information to admit or deny the allegation. Accordingly, the allegation is denied.

8. Admit.

1

9. Deny.

10. Defendant admits that it notified plaintiff of the status of the goods, but denies the balance of the allegations of paragraph 10.

11. Deny.

12. Defendant is without sufficient information to admit or deny the allegation. Accordingly, the allegation is denied.

13. Deny.

14. Defendant is without sufficient information to admit or deny the allegation. Accordingly, the allegation is denied.

15. Deny.

16. Defendant is without sufficient information to admit or deny the allegation. Accordingly, the allegation is denied.

17. Deny.

18. Defendant is without sufficient information to admit or deny the allegation. Accordingly, the allegation is denied.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

## COUNT I

23. Defendant restates is responses to paragraphs 1-22 of the Amended Complaint as set forth above and incorporates them herein.

24. Defendant admits it had a contract with plaintiff but denies plaintiff's characterization of the contract.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

## COUNT II

29. Defendant restates is responses to paragraphs 1-28 of the Amended Complaint as set forth above and incorporates them herein.

30. Deny.

31. Deny.

32. Deny.

## COUNT III

33. Defendant restates is responses to paragraphs 1-32 of the Amended Complaint as set forth above and incorporates them herein.

34. Deny.

35. Deny.

36. Deny.

## COUNT IV

37. Defendant restates is responses to paragraphs 1-36 of the Amended Complaint as set forth above and incorporates them herein.

38. Admit.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

## COUNT V

43. Defendant restates is responses to paragraphs 1-42 of the Amended Complaint as set forth above and incorporates them herein.

44. Deny.

45. Deny.

46. Deny.

## COUNT VI

47. Defendant restates is responses to paragraphs 1-46 of the Amended Complaint as set forth above and incorporates them herein.

48. Deny.

49. Deny.

50. Deny.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The complaint, as well as the alleged claims for relief therein, fails to state a claim upon which relief may be granted against defendant.

### SECOND AFFIRMATIVE DEFENSE

2. The fraud, intentional acts or omissions, and negligence of plaintiff actually and proximately caused or contributed to, in whole or in part, plaintiff's alleged damages. Accordingly, plaintiff's damages, if any, must be reduced by the

proportionate amount of damages resulting from plaintiff's own fraud, intentional acts or omissions, and negligence.

### THIRD AFFIRMATIVE DEFENSE

3. To the extent plaintiff has suffered any injuries or damages, said injuries or damages were caused in whole or in part by the intentional or negligent acts or omissions of another or others, for whose conduct defendant is not responsible and whose conduct defendant had no reason or opportunity to anticipate.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff intentionally, recklessly or negligently failed to investigate the matters that are the subject of the complaint and disregarded either known information and risks or information and risks that plaintiff should have known through exercise of reasonable care.

### FIFTH AFFIRMATIVE DEFENSE

5. At all relevant times, plaintiff knew of the conditions existing and attendant to the transactions and was reasonably and adequately warned of the risks involved. Plaintiff, therefore, had actual, constructive or imputed knowledge of the risk.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendant acted in good faith at all relevant times and neither knew nor should have known that any other persons or entities engaged in any wrong doing which caused plaintiff's damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff or its insured failed to mitigate the damages alleged in the complaint and therefore is not entitled to the alleged damages, or any such damages must

be reduced due to plaintiff's or its insured's failure to mitigate.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff is barred from asserting any right, claim, or defense, or from recovering anything against defendant on the complaint, and each and every alleged claim for relief therein, by the doctrine of waiver, because plaintiff failed to object to the alleged conduct of defendant and has voluntarily relinquished known rights.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff is barred from asserting any right, claim, or defense, or from recovering anything against defendant on the complaint, and each and every alleged claim for relief therein, by the doctrine of estoppel, because plaintiff's conduct led the defendant reasonably to rely on such with respect to the transactions at issue.

### TENTH AFFIRMATIVE DEFENSE

10. The complaint, as well as each and every alleged claim for relief therein, is barred by plaintiff's consent to and ratification of the alleged acts and omissions.

### ELEVENTH AFFIRMATIVE DEFENSE

11. The complaint, as well as each and every alleged claim for relief therein, is barred because defendant's obligations were excused or prevented by the conduct of plaintiff and its representatives.

### TWELFTH AFFIRMATIVE DEFENSE

12. Defendant has performed all obligations to plaintiff, except to the extent that performance was prevented or excused by the conduct of plaintiff and its representatives.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     The complaint as well as each and every alleged claim for relief therein, is barred by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     The complaint, as well as each and every alleged claim for relief therein, is barred by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Defendant raises and is entitled to all defenses and limitations of liability of suit contained and applicable bills of lading, tariffs, charter parties, conventions, invoices, applicable laws, treaties and other similar documents.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's damages, if any, were not foreseeable to defendant at the time it entered the contract with plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff lacks standing to prosecute the present action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff lacks capacity to prosecute the present action.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Defendant's liability, if any, is limited to $50.00/shipment, pursuant to the applicable terms and conditions of service.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Defendant has no liability for the actions of independent contractors.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff's maximum recovery against defendant, in the absence of any

applicable limitation of liability, is for plaintiff's actual cost of replacement of the allegedly delayed cargo.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. To the extent defendant may have breached a duty to plaintiff, which breach is expressly denied, there is no causal connection between such breach and any injury or damages, which plaintiff may have incurred.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Defendant acted at all times with reasonable care and pursuant to accepted standards, customs and practices in its industry.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Defendant owed no legal duty to plaintiff beyond the actions, which it specifically undertook.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. To the extent defendant owed a legal duty to plaintiff, defendant complied with its obligations.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Pursuant to the applicable terms and conditions of service, defendant "shall not in any circumstance be liable for damages arising from loss of profit." Accordingly, to the extent plaintiff claims damage for lost profits, such damages are not recoverable.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Defendant alleges that it may have other, separate and additional defenses of which it is not presently aware, and does hereby reserve the right to assert them by

amendment to this answer as discovery progresses or is complete.

WHEREFORE, this answering defendant prays:

1. That plaintiff takes nothing by way of its complaint.

2. For cost of suit in this action,

3. For reasonable attorneys fees.

4. For such other further and appropriate relief the court may deem just and proper.

DEFENDANT DEMANDS A TRIAL BY JURY ON ALL COUNTS

                Respectfully Submitted

                ALLIANCE SHIPPERS, INC.

                By its attorneys

                Paul Fitzpatrick
                BBO# 650418
                20 Central Street, Suite 108
                Salem MA 01970
                (978) 741-4555

                OF COUNSEL

                Christopher C. McNatt, Jr., Esq.
                Sandler, Travis & Rosenberg and
                Glad & Ferguson, P.C.
                801 South Flower Street, Fifth Floor
                Los Angeles, California 90017
                (213) 327.0155

Dated: April 11, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on April 11, 2005.

_____4/11/2005_____                    _____
Date                                            Paul Fitzpatrick